IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VALERIE ANN MORRISON,            :
                                 :
    Plaintiff,                   :
                                 :
vs.                              :      CIVIL ACTION 11-0581-M
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of Social Security, :
                                 :
    Defendant.                   :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 12). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty years old and had completed some college coursework (Tr. 34). In claiming benefits, Morrison alleges disability due to diabetes mellitus, hypertension, obesity, and possible foot neuropathy (Doc. 12 Fact Sheet).

The Plaintiff filed a protective application for SSI on March 19, 2009 (Tr. 123-25; *see* Tr. 17). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Morrison was capable of returning to her past relevant work as well as other jobs in the national economy (Tr. 17-25). Plaintiff requested review of the hearing decision (Tr. 8-9, 12-13) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence. Specifically, Morrison alleges that: (1) The ALJ did not properly assess her residual functional capacity; and (2) she cannot return to her past relevant work (Doc. 12). Defendant has responded to—and denies—these claims (Doc. 15).

Morrison first claims that the ALJ did not properly assess her residual functional capacity (hereinafter *RFC*), arguing that there is no medical evidence to support the ALJ's findings (Doc. 12, pp. 8-17). In her brief before the Court, Morrison summarized the evidence provided by the one-time consultative examiner, Dr. Elmo Ozment, Jr., noting that no physical capacities evaluation was provided even though the ALJ gave the opinion significant evidentiary weight (Doc. 12, pp. 9-10; *cf.* Tr. 23, 216-19). Plaintiff also pointed out that the only physical capacities evaluation of record was completed by a non-examining physician, Dr. Gregory K. Parker (Doc. 12, pp. 10-11; *cf.* Tr. 221-28).

In reaching his decision, the ALJ found that Morrison had the RFC "to perform light work as defined in 20 C.F.R. 416.967(b) except mild to moderate postural limitations; mild to moderate manipulative limitations" (Tr. 19). Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (2011).  As pointed out by Plaintiff, the ALJ gave significant evidentiary weight to the opinion of Dr. Ozment and noted that the opinion of Dr. Parker supported his RFC findings (Tr. 23).

The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 416.946 (2011).  The Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination.  20 C.F.R. § 416.945(a)(3).[1]  The Court further notes that the burden is on the claimant to prove

---

[1] The Court notes that this regulation also states that the ALJ is responsible for developing the claimant's complete medical history. Though Morrison has asserted that the ALJ failed in this regard, the

4

that she is disabled. *See* 20 C.F.R. § 416.912(a) (2011); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

In this action, Morrison has not directed this Court's attention to any medical evidence which disputes the ALJ's RFC findings; Plaintiff has not even questioned the findings of either Drs. Ozment or Parker. Rather, Morrison has only questioned the correctness of the ALJ's conclusion that she can perform a reduced range of light work. Without more, Morrison's claim must fail.

Plaintiff also claims that she cannot return to her past relevant work. More specifically, Morrison asserts that the ALJ incorrectly found that she had past relevant work as a teacher's aide (Doc. 12, pp. 3-8).

With regard to a claimant's past work, the Eleventh Circuit Court of Appeals has held that

> [a]lthough a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the

---

Court finds no merit in the claim, noting that there is sufficient evidence from which the ALJ was able to form his decision.

5

> claimant has the residual functional
> capacity to perform his past relevant work.
> *Nelms*, 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

The ALJ specifically found that Morrison could return to her past relevant work as a teacher's aide, noting that she had performed it within the past fifteen years and for long enough for her to know how to perform it (Tr. 23). Defendant has conceded, in his brief before the Court, that Plaintiff has not performed this work within the past fifteen years (Doc. 15, p. 11; *cf.* Tr. 135, 143), but correctly notes that the ALJ went on to find, based on evidence provided by a vocational expert, that there were other jobs in the national economy which she could perform. Specifically, the ALJ found that Plaintiff could perform the light work jobs of housekeeper, mail clerk (non-postal), and cafeteria attendant (Tr. 24-25).

Plaintiff has correctly shown that the ALJ's determination that she could perform her past work as a teacher's aide was in error. However, it was only harmless error. In light of the ALJ's alternative finding that there were specific jobs which she could do, the Court finds that Morrison's claim is without merit.

Plaintiff has raised two different claims in bringing this

6

action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

    DONE this 22nd day of May, 2012.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE